936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Carl Gene HACKER, Plaintiff-Appellant,
v.
James L. SAFFLE, Warden, Robert H. Henry, Attorney General
of the State of Oklahoma, Defendants-Appellees.
 No. 91-6042.
 United States Court of Appeals, Tenth Circuit.
 June 17, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Carl G. Hacker, a prisoner in the custody of the Oklahoma Department of Corrections, appeals the dismissal by the United States District Court for the Western District of Oklahoma of his pro se petition for habeas corpus relief. See 28 U.S.C. Sec. 2254 (1988). He seeks a waiver of the exhaustion requirement for habeas corpus not only due to delay caused by the backlog in the appellate public defender's office, but also because of a delay incurred when the appellate court remanded the appeal to the trial court for an additional evidentiary hearing. Further delay was incurred in seeking relevant documentation from the Florida Department of Corrections. The state appellate court has now resumed jurisdiction.
 
 
 3
 Although there are unique facts in this case, in view of the now nearly three-year delay since conviction and sentence without a determination of defendant's direct criminal appeal, we REVERSE and REMAND for reconsideration in light of Harris v. Champion, Nos. 90-5223, 90-5224 (10th Cir. filed June 17, 1991).
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3